MIAMI SHOWMEN'S ASS'N v. EVERY-
BODY'S TABERNACLE, Inc., et al.

No. 12647.

United States Court of Appeals
Fifth Circuit.

July 14, 1949.

Herbert L. Madeau, George A. Brauti-
gam, Miami, for appellant.

S. Grover Morrow, Seymour Kaplan,
John C. Wynn, W. O. Mehrtens, Miami, for
appellees.

Before HUTCHESON, SIBLEY, and
WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Certain members of Everybody's Taber-
nacle, an unincorporated association, in be-
half of themselves and other members,
sued Mrs. Ethel R. Willets, their leader
and preacher, and Everybody's Tabernacle,
Inc., a corporation of Michigan, touching
valuable property in Miami used as a meet-
ing house, legal title to which was in the
corporation but which was claimed to be-
long to the local association, and for an
account of monies handled by Mrs. Wil-
lets. A receiver was sought and was ap-
pointed. After a hearing a judgment was
made on August 12, 1948, that the receiver
sell the property in accordance with a writ-
ing between the corporation and Miami
Showmen's Association, entered into before
the suit was filed and mentioned in the
pleadings, and after paying a mortgage,
taxes and other legal obligations that the
net proceeds be distributed fifty percent
to Mrs. Willets and fifty percent to the local
association. A special master was named
to ascertain what amount, if any, was due
by the local association to the corporation
and to ascertain who were members of the
local association. Before the sale was
consummated the court was advised of two
other bids for the property, greater than
the price named in the writing above re-
ferred to, and on August 18, 1948, the
court ordered the special master to consider
and report further as to whether the writ-
ing between the corporation and Miami
Showmen's Association was valid. On
Augsut 31 the Special Master had a hear-
ing, and notified by telephone an attorney
who was acting as agent for the Show-
men's Association in buying the property,
though it was not a party to the litigation
and he had not appeared as attorney for it
in court. The attorney came over to the
hearing. Counsel for plaintiffs swore him
as a witness, and he testified about the
making of the writing. He also attempted
to question another witness. He stated he
was embarrassed as to his status, since
Miami Showmen's Association was not a
party to the case, and he had come over
voluntarily. The master said, "I don't
think your parties have any position in this
lawsuit". The master said later, "I take
the position that you have the right to offer

such testimony as you please in regard to the validity of your contract." The attorney then cross-examined a witness sworn by plaintiffs' counsel, but he offered no independent evidence for Miami Showmen's Association as their counsel. The master reported that the writing in controversy was signed for the corporation only by Mrs. Ethel M. Willets, and though the governing Board of Trustees had on February 17, 1948, authorized a sale of this property no price was fixed and no special authority given Mrs. Willets to fix it and execute a deed, so that although she was the corporation's president her contract was not binding. Miami Showmen's Association promptly applied to the court to intervene, and to file attached exceptions to the master's report. A motion to dismiss the petition to intervene and the exceptions was made by plaintiffs on October 18. On October 25 the receiver was ordered to sell the property at private sale at 10:30 A. M. on October 29, 1948. On October 27 the court denied the petition to intervene and overruled the proffered exceptions to the report; and for good measure sustained the motion to dismiss the petition for leave to intervene. The sale was postponed however to November 12. On November 10, Miami Showmen's Association filed in the cause a petition asserting the validity of its contract, and that it is not bound by the master's report, tendering the purchase price, and praying an injunction against the sale, and an eventual decree of specific performance. A hearing for interlocutory injunction was had on the morning of November 12. The court held that the master's report having theretofore been adopted, this proceeding was too late, an injunction was denied, and a lis pendens filed was discharged. The sale proceeded, the court refusing further to postpone it to perfect an appeal. The receiver's report shows the sale occurred at 10:30 A. M. on November 12, after announcement by Miami Showmen's Association to the persons assembled that the Association had a contract to buy and that an appeal would be taken to determine its rights and any purchaser would take subject to Miami Showmen's Association's rights; and that a bid of $65,000 was accepted made by Bricklayers', Masons' and Plasterers' Union. It does not appear whether the sale was confirmed, but we assume it was.

Miami Showmen's Association appeals from the judgment refusing to allow it to intervene, and from the judgment refusing an interlocutory injunction.

Because in the intitial complaint and answer and order of sale the contract with Miami Showmen's Association was treated as binding and to be carried out, so that the Association was not made a party, this case has become badly ccmplicated by the omission. Having reached its present stage, we have concluded that justice will best be served by affirming the judgments appealed from without prejudice to the rights of Miami Showmen's Association to litigate with the purchaser at the sale, and with the receiver if the sale is unconfirmed, the remaining question of the contract with the Association, in any proper forum. We are of the opinion that since leave to intervene was denied to the Association before the master's report was confirmed, and because it had not been made a party to the case nor formally appeared therein before the hearing before the master, neither the report nor its confirmation is res judicata of the Association's rights, and neither should prejudice them. It would not be helpful to reverse the refusal of the petition to intervene or of the injunction now, because if the Association has no valid contract the sale should stand; if it has, on the full notice given, the purchaser took subject to the contract and no harm is done. The judgments are therefore affirmed without prejudice to the rights of appellant as above stated.

Affirmed.